BOWKER & EDMONDS v. JAMES CONNOLLY & Co.

Where a firm makes advances on consignments, they cannot be required to forward them to third persons subsequently, and thus be deprived of their privilege.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Bonford, Singleton & Clack* for plaintiffs and appellants. *Roselius & Phillips* for defendants.

LABAUVE, J. The plaintiffs state in their petition that, in the year 1858 and before, they were in commercial business with Powell & Co., of St. Louis, who were large shippers of flour and Western produce, to New Orleans and to Eastern market. That the course of business was, for the house of Powell & Co. to make shipments to the consignments of petitioners at Boston, by way of New Orleans, transmitting to them the river bills of lading and drawing drafts against the shipments. That, as the voyage from St. Louis to Boston was performed partly in steamboats, on the Mississippi river, to New Orleans, and partly in sea-going vessels, from New Orleans to Boston, the defendants were constituted agents for transmission, and that among the shipments so made were 721 barrels of flour, shipped on the steamer T. L. McGill, on the 9th of September, 1858, and also 123 barrels of flour, branded "Laclide Mills," shipped on the steamer Stephen Decatur ; both of said shipments having been made in the course of business between Powell & Co. and petitioners, to the order of said Connolly & Co. That said Connolly and Co. received said two shipments, but refused to forward the same to petitioners. That they have accepted drafts drawn by said Powell & Co. against said shipments, and that there is a large balance due them for advances ; that said shipments were worth $8,000, and that they have sustained damages in the sum of $1,000, by the neglect of said Connolly & Co.

They pray that the said Connolly and Co. be decreed to deliver the said lots of flour so shipped by the steamers T. L. McGill and Stephen Decatur, or to pay $8,000, together with the $1,000 damages.

The defendants answered by a general denial, but admitted that, during the year 1858 and before, Powell & Co. of St. Louis made shipments of flour and other articles of Western produce to them, to be sold by respondents on account of said Powell & Co., and that upon the faith of said shipments, respondents made advances to and accepted for said Powell & Co. That when they received the lot of 721 barrels of flour, as well as the bill of lading therefor, there were no advices to forward the same to plaintiffs, but that the same was regularly consigned to respondents, to be sold on account of said Powell & Co. Defendants advanced and accepted for said Powell & Co., on the faith of said lot. That the lot of 123 barrels, per Stephen Decatur, was not received by them before the 1st November, 1858, when the same became subject to the order of the court, in garnishment process served previously, about 30th October, 1858, on respondents, in the suits of Osborne & Tolle *v.* Powell & Co., No. 12819 on the docket of Fifth District Court of New Orleans. That said Powell &

Co. are largely indebted to respondents for advances and acceptances, <span style="float:right">BOWKER & CO.<br>v.<br>CONNOLLY & CO.</span> made on the faith of said shipments, and that they have a privilege on said flour over all others. In a supplemental answer, they say that, of the 721 barrels, 53 were sold, netting $221 08, placed to the credit of said Powell & Co. That in November and October, 1858, the remaining 668 barrels were attached, in the suits of Osborne & Tolle *v.* Powell & Co., and Clark, Brothers & Co. *v.* Powell & Co.

The testimony and admission in the case show that said Powell & Co. wrote a letter, dated St. Louis, September 9, 1858, addressed to plaintiffs, in which they say, among other things: "We have now to hand your four barrels, lading per T. L. McGill, of 721 barrels of flour. This is shipped to you through the usual channel in New Orleans. The certificate of insurance on the shipment we will hand you when we next write, noting our draft on you of this date, at sixty days, for $4,000." On the 10th September, 1858, said Powell & Co. insured 1,021 barrels of flour, shipped per steamer T. L. McGill, loss, if any, payable to Messrs. Bowker & Edmonds, Boston, Massachusetts.

It is admitted this letter and the certificate of insurance were received by plaintiffs in due course of mail, and that the draft mentioned in this letter was duly accepted and paid. On the 20th October, 1858, said Powell & Co. insured 123 barrels of flour, to be shipped by steamer Stephen Decatur from St. Louis, loss, if any, payable to Messrs. Bowker & Edmonds, Boston, Massachusetts. It is admitted that this certificate of insurance was received by the plaintiffs in due course of mail.

The evidence shows that in the year 1858, there was a large business done in Western produce between the said Powell & Co., shippers, and the defendants, as consignees, who sold the same on account of the shippers; that said Powell & Co. were in the habit of drawing against the same on said defendants, who were also in the habit of accepting and paying the drafts of said drawers; that said Powell & Co., who occasionally made shipments, by way of New Orleans, to said plaintiffs, to the consignment of said defendants, who reshipped by sea-vessels to the plaintiffs. In regard to the shipments made by said Powell & Co., the correspondence was direct between said Powell & Co., shippers, and said plaintiffs, who received through mail the bills of lading and certificates of insurance from said Powell & Co., and that the defendants were mere transmitting agents. Whenever shipments were intended for the plaintiffs, said Powell & Co. were to give particular instructions to said defendants to that effect. In a letter dated St. Louis, 17th April, 1858, addressed by said Powell & Co. to the defendants, they say :

"We are awaiting further advices from you, which will note, we presume, sale of our shipment per the 'Illinois,' and in this connection we would say, that whenever we intend a shipment to go forward to New York or Boston, we make a minute to that effect with instructions at foot of bill of lading, so that there may arise no delay in shipment, and by this you may be governed hereafter."

The bill of lading, dated St. Louis, 9th September, 1858, for the seven hundred and twenty-one barrels of flour, shipped per steamer T. L. McGill, by said Powell & Co., consigned to said defendants, who introduced it in evidence, contains no instruction to forward said lot of flour

BOWKER & CO.
v.
CONNOLLY & CO.

to the plaintiffs. This lot of flour, per the steamer T. L. McGill, is the one in dispute. Another bill of lading, dated 10th September, 1858, for another lot of flour of three hundred barrels, shipped per same steamer, by Powell & Co., to said defendants, who introduced said bill of lading in evidence, contains at the foot instructions to forward to the plaintiffs, to-wit:

"Please receive the above and forward same for our account to Messrs. Bowker & Edmonds, Boston, by some small vessel having quick dispatch. Should you be able to sell it in New Orleans, however, at 7@7½ per barrel, on arrival, you are authorized to accept that figure, in which event please remit proceeds to Boston. Yours, truly,          "POWELL & Co."

Here the understanding between these parties is carried out for one lot as to instructions, and we presume it has been complied with, as there is no dispute about this lot. It is in evidence that two said bills of lading and two lots of flour were received by the defendants about 21st September, 1858, one with and the other without instructions. What could be, then, the action of the defendants in regard to the disposition of the flour? It follows, as a matter of course, that they forwarded accordingly the lot of three hundred barrels, or proceeds, to destination, and the other lot of seven hundred and twenty-one barrels they considered as consigned to themselves, to be disposed of in New Orleans, for account of said Powell & Co., and upon the faith and credit of which they accepted, as proven, two drafts of said Powell & Co., one for $1,000, on the 21st September, 1858, and the other for $3,000, on 24th September, 1858. Besides these drafts, the said Powell & Co. were indebted to the defendants, by cash balance above, $7,000 on the 21st September, 1858, it being the time of the receipt of the flour by the steamer McGill. The bill of lading, dated St. Louis, 19th October, 1858, for the one hundred and twenty-three barrels of flour shipped per steamer Stephen Decatur, by the said Powell & Co. to the defendants, contains no instruction to forward the same to plaintiffs.

Upon the whole, we think the Judge below decided the case correctly. We have not been favored with briefs of counsel on either side; the plaintiffs and appellants have made no appearance in this court.

It is, therefore, adjudged and decreed that the judgment of the District Court be affirmed, with costs.